UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON NOBLE and
SUSAN METZ,

                          Plaintiffs,

- vs -

ADESA, INC.,
ADESA NEW YORK, LLC,
  f/k/a ADESA NEW YORK, INC., and
ALLETE, INC.,

                          Defendants.

**ANSWER**

05-CV-0896

      The defendants, ADESA, INC., ADESA NEW YORK, LLC, f/k/a ADESA NEW YORK, INC. and ALLETE, INC., by their attorneys, Nixon Peabody LLP, hereby answer the allegations of the Complaint as follows:

## JURISDICTION AND VENUE

      1.     This paragraph purports to state the statutes relied upon to form the basis for the Complaint and does not appear to require an answer, but to the extent that an answer is deemed required, the defendant denies that the ADEA relates to sex discrimination, and further denies that it has ever discriminated against any plaintiff on any basis.

      2.     This paragraph contains a statement of the alleged basis for venue in this District and contains no allegations of fact for which an answer is required; however, to the extent an answer is deemed required, the defendant admits that the plaintiffs were employed within the Western District of New York.

## PARTIES

      3.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

B93918.1

4.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.	Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.	Defendants deny the allegations contained in paragraph 6 of the Complaint on the basis that Adesa, Inc., is incorporated under the laws of the State of Delaware, and authorized to transact business in the State of Indiana, with its principal office located in Carmel, Indiana.

7.	Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.	Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.	Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.	Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.	Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as they are stated in paragraph 12 of the Complaint.

13.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as they are stated in paragraph 13 of the Complaint.

## STATEMENT OF CASE – SHARON NOBLE

14.	Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.	Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.	Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.	Defendants admit that the plaintiff was transferred to the Registration Department, but deny the remaining allegations contained in paragraph 17 of the Complaint.

18.	Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.	Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that Ms. Clark was promoted from Assistant Office Manager to position of Office Manager vacated by Ms. Thurnherr, but deny the remaining allegations contained in paragraph 27 of the complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit that the plaintiff was informed by Mr. Clauss of the reorganization but deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

## **STATEMENT OF CASE – SUSAN METZ**

36. Defendants admit the allegations contained in paragraph 36 of the complaint, except deny that the plaintiff held a position titled "Data Entry" and deny the proper name of the defendant entity.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants admit only that the plaintiff was assigned duties in the Maintenance Department in or about 2000.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in paragraph 41 of the Complaint.

42. Defendants admit only that plaintiff Susan Metz reported to plaintiff Sharon Noble, but deny the remaining allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

## JOINT STATEMENT OF FACTS

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants admit that Ms. Clark was promoted from Assistant Office Manager to position of Office Manager vacated by Ms. Thurnherr, but deny the remaining allegations contained in paragraph 53 of the complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants admit the allegations contained in paragraph 59 of the Complaint.

60. Defendants admit the allegations contained in paragraph 60 of the Complaint.

61. Defendants admit the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint and specifically deny that the defendant discriminated against any employees.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint and specifically deny that the defendant discriminated against any employees.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint and specifically deny that the defendant discriminated against any employees.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint, as stated.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

## **CONDITIONS PRECEDENT TO ACTION**

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

    a. Defendants admit only that the plaintiff filed a charge on or about November 19, 2003.

    b. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76(b) of the Complaint.

    c. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76(c) of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

    a. Defendants admit only that the plaintiff filed a charge on or about November 19, 2003.

    b. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77(b) of the Complaint.

    c. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77(c) of the Complaint.

### AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS ADESA, INC. AND ALLETE, INC.

78. The defendants repeat and re-allege each and every response previously made to the allegations contained in paragraphs 1 through 77 of plaintiffs' Complaint as though fully set forth herein.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. The paragraph contains a statement of the plaintiffs' demand for a trial by jury and requires no response.  The defendants also demand a trial by jury.

### AS AND FOR THE SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

85. The defendants repeat and re-allege each and every response previously made to the allegations contained in paragraphs 1 through 84 of plaintiffs' Complaint as though fully set forth herein.

86. This paragraph purports to state the statute relied upon to form the basis for jurisdiction over the plaintiffs' state law claim and does not appear to require an answer, but to the extent that an answer is deemed required, the defendant denies that it has ever discriminated against any plaintiff on any basis.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. The paragraph contains a statement of the plaintiffs' demand for a trial by jury and requires no response. The defendants also demand a trial by jury.

### AS AND FOR THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS ADESA, INC. AND ALLETE, INC.

94. The defendants repeat and re-allege each and every response previously made to the allegations contained in paragraphs 1 through 93 of plaintiffs' Complaint as though fully set forth herein.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. The paragraph contains a statement of the plaintiffs' demand for a trial by jury and requires no response. The defendants also demand a trial by jury.

### AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

101. The defendants repeat and re-allege each and every response previously made to the allegations contained in paragraphs 1 through 100 of plaintiffs' Complaint as though fully set forth herein.

102. This paragraph purports to state the statute relied upon to form the basis for jurisdiction over the plaintiffs' state law claim and does not appear to require an answer, but to

the extent that an answer is deemed required, the defendant denies that it has ever discriminated against any plaintiff on any basis.

    103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

    104.    Defendants deny the allegations contained in paragraph 104 of the Complaint.

    105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

    106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

    107.    The paragraph contains a statement of the plaintiffs' demand for a trial by jury and requires no response. The defendants also demand a trial by jury.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

    108.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

    109.    The Complaint must be dismissed because the EEOC failed to conduct the conference and conciliation process in the manner and in the spirit required by Title VII.

## THIRD AFFIRMATIVE DEFENSE

    110.    The plaintiffs' claims, if any, for attorneys' fees, punitive or liquidated damages are not available under the NYS HRL.

## FOURTH AFFIRMATIVE DEFENSE

    111.    The plaintiffs' claims, if any, for compensatory, consequential and punitive damages are not available under the ADEA.

### FIFTH AFFIRMATIVE DEFENSE

112.    The plaintiffs' claims, if any, for liquidated or punitive damages are barred because at no time did the defendants know of or show reckless disregard for whether their actions were prohibited by the ADEA.

### SIXTH AFFIRMATIVE DEFENSE

113.    The plaintiffs' claims are barred to the extent that the plaintiffs and/or the EEOC and/or the New York State Division of Human Rights failed to satisfy the statutory and/or jurisdictional prerequisites for the commencement of this action.

### SEVENTH AFFIRMATIVE DEFENSE

114.    The plaintiffs' claims are barred to the extent that the plaintiffs and/or the EEOC and/or the New York State Division of Human Rights failed to exhaust all necessary administrative remedies, procedures and time limits prior to filing this action.

### EIGHTH AFFIRMATIVE DEFENSE

115.    The plaintiffs' entitlement to any damages is limited and/or precluded to the extent that the plaintiffs have failed to mitigate their damages or otherwise failed to suffer any economic loss.

### NINTH AFFIRMATIVE DEFENSE

116.    The plaintiffs' claims are barred, in whole or in part, by principles of waiver, release, estoppel, accord and satisfaction and/or laches.

### TENTH AFFIRMATIVE DEFENSE

117.    The plaintiffs' claims for compensatory damages, emotional distress and punitive damages are limited by the statutory "caps" on the amount and/or exclusion of such damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

118. The Complaint must be dismissed, in whole or in part, to the extent that claims of discrimination asserted in the Complaint were neither encompassed in the discrimination charge filed with the EEOC, nor the administrative investigation thereof.

**TWELFTH AFFIRMATIVE DEFENSE**

119. This Court does not have personal or subject matter jurisdiction over one or more of the defendants.

DATED:   Buffalo, New York
         February 13, 2006   NIXON PEABODY LLP


         By:  /s/ Mark A. Molloy
               Mark A. Molloy
         *Attorneys for Defendants*
         Key Towers at Fountain Plaza
         40 Fountain Plaza, Suite 500
         Buffalo, NY 14202
         Telephone: (716) 853-8100
         Email: mmolloy@nixonpeabody.com

TO:   Josephine A. Greco, Esq.
      Offermann, Cassano, Greco,
      Slisz & Adams, LLP
      *Attorneys for Plaintiffs*
      1776 Statler Towers
      Buffalo, NY 14202
      Telephone:  (716) 856-3090
      Fax:  (716) 856-4800
      Email:  jgreco@statlertowers.com

## CERTIFICATE OF SERVICE

I, **MARK MOLLOY**, do hereby certify that on February 13, 2006, I electronically filed the foregoing Defendant's **Answer** with the Clerk of the Western District using the CM/ECF system, which sent notification of such filing to the following:

>Josephine A. Greco, Esq.
>Offermann, Cassano, Greco,
>Slisz & Adams, LLP
>*Attorneys for Plaintiffs*
>1776 Statler Towers
>Buffalo, NY 14202
>Telephone:  (716) 856-3090
>Fax:  (716) 856-4800
>E-mail:  jgreco@statlertowers.com

Dated: February 13, 2006

>/s/ Mark A. Molloy
>Mark A. Molloy
>*Attorneys for Defendants*
>Key Towers at Fountain Plaza
>40 Fountain Plaza, Suite 500
>Buffalo, NY 14202
>Telephone: (716) 853-8100
>Email: mmolloy@nixonpeabody.com