UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON NOBLE,
SUSAN METZ,

        Plaintiffs,

                                  **Hon. Hugh B. Scott**

        v.                                    05CV896S

                                  **Report**
                                  **&**
                                  **Recommendation**

ADESA, INC.,
ADESA NEW YORK, LLC, formerly
known as Adesa New York, Inc.,
ALLETE, INC.,

        Defendants.

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket No. 10[1]). The instant matter before the Court is plaintiffs' motion (Docket No. 9) to consolidate this case (also hereinafter referred to as the "Noble Action") with EEOC v. Adesa New York, Inc., Case No. 05CV692S (hereinafter the "EEOC Action"). Underlying this motion, however, is a question of this Court's jurisdiction to consider Noble Action while the Equal Employment Opportunity Commission ("EEOC") has a prior case pending arising from plaintiffs' claims. Since this question could ultimately be dispositive, a Report &

---

[1] Docket numbers without case name are documents filed or entered in the Noble v. Adesa, Inc. action, Case No. 05CV896. Documents entered in the EEOC v. Adesa New York, Inc. action, Case No. 05CV692, shall be identified by EEOC Action and the docket number.

Recommendations was issued on this Order. A motion to consolidate is not one of the motions outside the jurisdiction of a Magistrate Judge, cf. 28 U.S.C. § 636(b)(1)(A), and ordinarily is decided by an Order of the Magistrate Judge. For judicial efficiency, both the jurisdictional and consolidation matters will be addressed in this Report.

## BACKGROUND

*Noble, Metz v. Adesa, Inc., Adesa New York LLC, Allete, Inc., 05CV896*

This is a discrimination action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), and state anti-discrimination law, see N.Y. Exec. Law §§ 290 et seq., by two middle-age employees who were discharged by defendants in February 2003 (Docket No. 1, Compl. ¶¶ 23 (Noble's termination), 44 (Metz' termination), 1, 87-88, 103-04). This Complaint names as defendants Adesa New York, LLC, f/k/a Adesa New York, Inc. (a New York corporation); its corporate parent, Adesa, Inc. (an Indiana corporation); and defendant Allete, Inc. (a Minnesota corporation that later acquired Adesa, Inc.) (collectively "defendants") (Docket No. 1, Compl. ¶¶ 15, 7, 6, 8, 16). Plaintiffs filed this action on December 23, 2005 (Docket No. 1), alleging jurisdiction under the ADEA, 29 U.S.C. §§ 621 et seq. (id. ¶ 1). Plaintiffs allege four causes of action. The first and third causes of action are under ADEA for age discrimination (id. ¶¶ 79, 80) and for creating a hostile work environment due to plaintiffs' treatment because of their age (id. ¶¶ 96, 98) against Adesa, Inc., and Allete, Inc., only. For these claims, plaintiffs seek damages (loss of wages and benefits, emotional pain and suffering, compensatory and punitive damages), pursuant to 29 U.S.C. § 626(c), a jury trial and recovery of their costs and attorneys' fees under the ADEA (id. ¶¶ 80, 83, 84, 99, 100). The second and fourth causes of action are against all three defendants for age discrimination and

creating a hostile work environment under New York law (id. ¶¶ 87-88, 103-04), seeking similar damages under state law as they do under the ADEA.

*EEOC v. Adesa New York, Inc., 05CV692*

Meanwhile, the EEOC had filed its Complaint against Adesa New York, Inc.[2], on September 30, 2005 (EEOC Action, Case No. 05CV692, Docket No. 1), asserting claims on behalf of claimants Metz and Noble (and two other employees) for age discrimination in their respective terminations. The EEOC seeks payment of back wages, liquidated damages or prejudgment interest to claimants, relief to make claimants whole, and an order requiring defendant Adesa to institute equal employment policies and practices, and to enjoin defendant from discriminating against individuals at the age of 40 years or over (id. at pages 3-4).

The case initially was referred to the undersigned for non-dispositive matters (Docket No. 8). Judge Skretny issued a second referral Order referring this motion for the undersigned to issue a Report & Recommendations (Docket No. 10). Judge Skretny also referred the EEOC Action to the undersigned for pretrial matters (EEOC Action, Docket No. 11)[3].

*Present Motion in Noble Action*

Following the parties' joint request for an extension of time, responses to the motion to consolidate were due by April 14, 2006, with any reply due by April 28, 2006. Oral argument was scheduled for May 2, 2006, with parties in the Noble Action and the EEOC Action to brief the motion, as well as address the question of this Court's jurisdiction under 29 U.S.C.

---

[2]The EEOC has amended this Complaint, Docket No. 6 to correct the name of defendant to Adesa New York, LLC.

[3]Prior to the reassignment, Magistrate Judge Schroeder set, then adjourned, a preliminary pretrial conference in the EEOC Action, Case No. 05CV692, Docket Nos. 9, 10.

§ 626(c)(1) (Docket Nos. 11, 12; see EEOC Action, Docket Nos. 12, 13). The scheduling conferences in both actions were held in abeyance pending resolution of this motion to consolidate these actions. Argument was heard on May 2, 2006, and the motion was deemed submitted (Docket No. 15).

In response to this motion, defendants Adesa, Inc., Adesa New York, LLC, and Allete, Inc., state that they do not oppose consolidation of the two cases, but argues that 29 U.S.C. § 626(c)(1) precludes the Noble plaintiffs' ADEA claims against their employer (Docket No. 13, Defs. Memo. of Law at 1-2). Adesa, Inc., and Allete, Inc., were named in plaintiffs' administrative complaint with the EEOC but not named in the EEOC Action (id. at 3). Defendants note that the Noble plaintiffs cast their claims in an attempt to avoid the jurisdictional bar of § 626(c)(1) by alleging ADEA claims against Adesa, Inc., and Allete, but only state discrimination claims against Adesa New York (id.). Defendants contend that the Noble Action should be dismissed in its entirety, since the existence of the prior EEOC Action precludes individual ADEA actions against any other entity that could qualify as plaintiffs' "employer" (id. at 5). They contend, further, that Adesa New York, LLC, is the only proper ADEA defendant and, as such, plaintiffs' action against it commenced after the EEOC commenced its action against that defendant is barred by § 626(c)(1) (id. at 8-9). As a result of lacking federal subject matter jurisdiction under § 626(c)(1), defendants conclude that the Court should decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims (id. at 11-12).

The EEOC, in response to the Court's invitation to brief this issue (see EEOC Action, Docket No. 12), argues that the cases should be consolidated (EEOC Action, Docket No. 14, EEOC Response at 1). The EEOC notes that since it did not sue defendants Allete, Inc., and

Adesa, Inc., and plaintiffs Noble and Metz did not assert claims against Adesa, LLC, then the preclusive effect of § 626(c)(1) does not apply to prevent Noble and Metz from asserting federal claims against Allete and Adesa, Inc.  (EEOC Action, Docket No. 14, EEOC Response at 1-2).

Plaintiffs in the Noble Action reply that § 626 does not preclude plaintiffs from bringing a private action for relief not included in the EEOC Action, namely against parties not sued in the EEOC Action or relief not sought by the EEOC in that action (Docket No. 14, Pls. Reply Memo. of Law at 2-3, 5).  Given that this is (in effect) at the pleading stage, plaintiffs contend that they allege that defendants Adesa, Inc., and Allete, Inc., were employers and liable under ADEA and state law (id. at 4).  Plaintiffs oppose limited discovery on the question whether Adesa, Inc., or Allete, Inc., were plaintiffs' employers, seeking instead full discovery in this case (id. at 6).  If the Court determines that there is no federal jurisdiction under the ADEA, plaintiffs conclude that the Court still should exercise its supplemental jurisdiction over plaintiffs' state law claims (id. at 7).

## DISCUSSION

I.  Jurisdiction under Age Discrimination in Employment Act with Pending EEOC Action

The Age Discrimination in Employment Act creates a right of action for all aggrieved by age discrimination in employment, 29 U.S.C. § 626(c)(1), provided "that the right of any person to bring such action shall terminate upon the commencement of an action by the [EEOC] to enforce the right of such employee under" that act.  See Chapman v. City of Detroit, 808 F.2d 459, 462-64 (6th Cir. 1986); EEOC v. Consolidated Edison Co., 557 F. Supp. 468, 471-72 (S.D.N.Y. 1983).  While a pending private action is not terminated by the subsequent filing by the EEOC of its own action, cf. Burns v. Equitable Life Assurance Soc'y, 696 F.2d 21 (2d Cir.

1982), cert. denied, 464 U.S. 933 (1983), an action commenced by the EEOC precludes a subsequent private action by a claimant. At issue here is the scope of that preclusion; does it include actions against corporate affiliates of plaintiff's employer, as the defendants here contend, or merely actions against the employer sued by the EEOC, as plaintiffs and the EEOC contend?

The EEOC Action was filed in September 2005 against Adesa New York only, while the Noble Action was filed in December 2005 against the three Adesa affiliates. The Noble Action defendants did not raise initially this jurisdictional defense but intended to do so at the dispositive motion stage of this action (see Docket No. 13, Defs. Memo. at 2 n.1; Docket No. 14, Pl. Reply Memo. at 1 (defendants consented to consolidation motion then opposed on jurisdictional grounds)). Consolidation of the Noble Action with the EEOC Action would not make sense if this Court lacks jurisdiction over the first action. This Court, therefore, invited the parties to address the applicability of 29 U.S.C. § 626(c)(1) to the claims asserted in the Noble Action (see Docket No. 11; see also EEOC Action, Docket No. 12).

Defendants argue that the Noble Action should be dismissed in its entirety because the prior EEOC Action precluded plaintiffs from commencing the later Noble Action, despite plaintiffs' attempts to circumvent 29 U.S.C. § 626(c)(1) by naming affiliated companies in their ADEA claims but naming the actual employer Adesa New York, LLC, only under their state law claims (Docket No. 13, Defs. Memo. at 4-7). A plaintiff may only sue her employer and not a parent corporation or affiliate, see Johnson v. Flowers Indus., Inc., 814 F.2d 978 (4th Cir. 1987) (id. at 8-9). Defendants conclude that, after dismissing the sole federal claim, the Court should not exercise its supplemental jurisdiction over the remaining state law claims (id. at 11-12).

6

In contrast, plaintiffs and the EEOC each argue that the defendants are not the same in the two actions, hence the preclusive effect of § 626(c)(1) would not apply to bar the Noble Action plaintiffs' claims against Allete, Inc., and Adesa, Inc (Docket No. 14, Pl. Reply Memo.; EEOC Action, No. 12, EEOC Response). Plaintiffs note that if the EEOC sought limited relief that did not preclude plaintiffs from suing for relief not sought by the EEOC (Docket No. 14, Pl. Reply Memo. at 2-3), see American Ass'n of Retired Persons v. Farmers Group, Inc., 943 F.2d 996, 1006 (9th Cir. 1991). Plaintiffs also argue that defendants did not produce admissible evidence that Adesa, Inc., and Allete, Inc., were not their employer or move to dismiss or for summary judgment; therefore, defense arguments to dismiss on that basis should be rejected.

Section 626(c)(1) would bar Noble's and Metz' claims against defendant Adesa New York, LLC, since the EEOC commenced its action against that employer first. However, plaintiffs did not allege an ADEA claim against Adesa New York, LLC. The cases cited by all parties do not address the situation presented here, of EEOC suing one of a number of employer defendants while the claimant plaintiffs are suing the rest. Plaintiffs site AARP v. Farmers Group, supra, 943 F.2d at 1006, but that case involved different forms of relief sought by the EEOC and by the claimants. The defense cases did not involve multiple potential employers being sued, with the EEOC choosing different defendants than the claimants. Cf. Burns v. Equitable Life Assur. Soc'y of U.S., 696 F.2d 21, 22-23 (2d Cir. 1982), cert. denied, 464 U.S. 933 (1983); Binker v. Pennsylvania, 977 F.2d 738, 745-46 (3d Cir. 1992); Chapman v. City of Detroit, 808 F.2d 459, 461, 463 (6th Cir. 1986) (same day filing by EEOC and claimant held EEOC filing takes precedence).

Here, different defendants are alleged to be employers liable under ADEA between the EEOC and the Noble/Metz claimants, but the plaintiffs in the EEOC Action and the Noble Action seek different forms of relief. The EEOC seeks damages and injunctive relief, as to the four claimants (including Metz and Noble) as well as similarly situated employees of Adesa New York, LLC; Noble and Metz seek only compensatory and punitive damages.

Plaintiffs at this pleading stage allege ADEA claims against other defendants that defendants formally do not challenge (but cf. Docket No. 13, Defs. Memo. at 2 n.1, reserving the right to assert Rule 12 defenses). Thus, as of now, plaintiffs assert federal claims and this Court has jurisdiction to entertain them.

Section 626(c) does not bar state law claims even though the EEOC has sued first, see Dunlop v. Pan American World Airways, 672 F.2d 1044, 1052-53 (2d Cir. 1982); Binker, supra, 977 F.2d at 746 n.16. Therefore, this Court **should be found to have federal jurisdiction over the Noble Action** and, in light of this recommendation, the Court should **consider** plaintiffs' supplemental state law claims against all three defendants, including those against defendant Adesa New York, LLC.

II.     Motion to Consolidate

Federal Rule 42(a) provides that "when actions involve a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Initially, none of the parties oppose consolidation, but (as indicated above) defendants seek dismissal of the Noble Action on jurisdictional grounds (see Docket No. 13, Defs. Memo. at

1, 3). The factual and legal issues in both actions here are the same, the termination practices of defendants based upon the age of the employees. The EEOC Action challenges the termination of Noble and Metz (among others) allegedly due to the employees' ages; the Noble Action also challenges the legality of those terminations based upon plaintiffs' ages. Judicial economy and efficiency would be served by consolidating these two action. Therefore, the motion to consolidate the two actions (Docket No. 9) is **granted**.

Since a motion to consolidate is not one of the motions outside the jurisdiction of a Magistrate Judge, cf. 28 U.S.C. § 636(b)(1)(A), it will be **so ordered** and, to save judicial resources, that Order is incorporated in this Report & Recommendations. Since this Report & Recommendations has pending the issue of this Court's subject matter jurisdiction for the Noble Action, the Order consolidating these actions is **stayed** pending final action on the Report & Recommendations.

## **CONCLUSION**

Based upon the above, plaintiffs' motion to consolidate this case with EEOC v. Adesa New York, Inc. (Docket No. 9) is **granted under the following terms**. The consolidated action must be under a joint caption and common case number, EEOC v. Adesa New York, Inc., Noble, Metz v. Adesa, Inc., Adesa New York LLC, Allete, Inc., Case No. 05CV692S (Consolidated). The Court Clerk shall note any filings going forward in either case shall be noted in the docket for the consolidated action. This Order, however, is hereby **stayed** pending ultimate disposition of this Report & Recommendations.

It is recommended that plaintiffs Noble and Metz' claims against defendants Adesa, Inc., and Allete, Inc., **should not be dismissed**. Once a final disposition is made regarding federal

subject matter jurisdiction, the remainder of the Noble Action (if anything remains) will be consolidated with the EEOC Action as indicated above and this Court will set a Scheduling Conference for the consolidated action.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
      June 16, 2006