UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON NOBLE and SUSAN METZ,

                    Plaintiffs,

      v.                                       **DECISION AND ORDER**

ADESA, INC., *et al*.                                05-CV-896S(Sc)

                    Defendant.

## I.  INTRODUCTION

Presently before this Court is Defendants' Objections to the Report and Recommendation of Honorable Hugh B. Scott, United States Magistrate Judge, filed on June 16, 2006.  Specifically, Defendants object to Judge Scott's proposed finding that 29 U.S.C. § 626(c)(1) does not preclude Plaintiffs from maintaining an action for relief under the Age Discrimination in Employment Act ("the ADEA").  This Court declines to adopt Judge Scott's June 16, 2006 proposed finding and his related recommendation that this case be consolidated with 05-CV-692 for the reasons stated below.

## II.  BACKGROUND

**A.**      **The EEOC Action**

On or about November 17, 2003, Plaintiffs Sharon Noble and Susan Metz filed separate charges of discrimination with the Equal Employment Opportunity Commission ("the EEOC"), alleging that they were unlawfully terminated because of their age on or about February 5, 2003.  Each named ADESA Corporation, ADESA New York, Inc. (now known as ADESA New York, LLC) and Allete, Inc. as respondents.

Following its administrative investigation, on September 30, 2005, the EEOC brought an action ("the EEOC action," 05-CV-692) under the ADEA against ADESA New York, LLC only.  Among other things, that action seeks relief on behalf of four former employees allegedly terminated from their positions because of their age, including Sharon Noble and Susan Metz.  The relief sought on the claimants' behalf includes backpay, liquidated damages or prejudgment interest, and all other relief needed to make these individuals whole, including reinstatement.  That case was assigned to the Honorable John T. Elfvin.

**B.     The Noble and Metz Action**

On December 23, 2005, Noble and Metz commenced a separate action ("the Private action," 05-CV-896) alleging ADEA violations by ADESA, Inc. and Allete, Inc. based upon their termination from employment in February 2003.  Additionally, the Plaintiffs assert claims under the New York State Human Rights Law against these same Defendants and also ADESA New York, LLC.  The Complaint in the Private action identifies ADESA, Inc. as the parent of ADESA New York, LLC and Allete, Inc. as a corporation that acquired ADESA, Inc. in or about fall 2001.  (Docket No. 1, ¶¶ 15-16.)  The Private action was assigned to this Court.

**C.     The Motion to Consolidate**

On December 29, 2005, at a Rule 16 conference in the EEOC action, counsel advised Judge Elfvin that the EEOC complaint would be consolidated with the later-filed Private action. Based on that representation, Judge Elfvin reassigned the EEOC action to this Court.

On February 24, 2006, the private Plaintiffs moved to consolidate the two actions (Docket No. 9). By Order filed March 7, 2006, this Court referred the motion to Judge Scott for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On March 8, 2006, Judge Scott scheduled briefing on the motion and requested that the parties address the impact of 29 U.S.C. §626(c)(1) on this Court's jurisdiction over the Private action.

All parties agree that the Private action is based on the same facts and involves the same federal legal issues as exist in the EEOC action. Thus, if federal jurisdiction exists over the Private action, no party objects to consolidation. The parties are not in accord, however, on whether the private Plaintiffs can maintain their ADEA claims as a matter of law.

After providing the parties, including the EEOC, full opportunity for briefing and oral argument, Judge Scott issued his Report and Recommendation on June 16, 2006. Defendants' objections were filed timely on June 26, 2006. Thereafter, this Court afforded the parties further opportunity for briefing.

### III.  DISCUSSION AND ANALYSIS

**A.    Standard of Review**

In reviewing a Report and Recommendation, a District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1)(C). The District Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). The

phrase "*de novo* determination" in Section 636(b)(1) was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980).

**B.    The Preclusive Effect of the EEOC Action**

The ADEA requires that an individual wishing to commence a civil action under the Act must first file a charge of discrimination with the EEOC.  29 U.S.C. §626(d).  "Upon receiving such a charge, the [EEOC] shall promptly notify all persons named in such charge as prospective defendants in the action."  *Id*.  As to jurisdiction:

> Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided*, That **the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter**.

29 U.S.C. § 626(c)(1).

Defendants contend that, on its face, 29 U.S.C. § 626(c)(1) prevents employees from commencing a private action for ADEA relief once the EEOC has asserted an ADEA claim for such relief on their behalf.  Though unable to find authority factually on point, Defendants urge that case law interpreting this statutory provision compels the conclusion that this Court lacks jurisdiction over the Private action.  Finally, Defendants encourage this Court to decline supplemental jurisdiction over Plaintiffs' state law claims if it finds that federal jurisdiction is lacking.

Plaintiffs argue that the preclusive effect of 29 U.S.C. § 626(c)(1) hinges on the identity of the party sued, rather than on the claim asserted.  They, too, are unable to

4

provide any case directly supporting their position. Plaintiffs go on to state it is settled law that this Court should disregard additional case law provided by Defendants in support of their Objections, citing Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1998). Based on this contention, Plaintiffs have declined to respond to Defendants' authority other than to note what Defendants already have conceded, that they have found no case directly on point.

As already stated, there is not a dispute that the three Defendants named in these actions were all identified in the private Plaintiffs' administrative charges filed with the EEOC. Therefore, the EEOC was on notice of each entity's potential as a defendant in any civil action based on the charge allegations and presumably notified all named respondents of the charges. After investigation, the EEOC commenced its action only against ADESA New York, LLC, seeking relief relating to the private Plaintiffs' terminations. Whether the EEOC's selection of this particular Defendant was based on information obtained in its investigation, a strategic decision or oversight is of no moment because it is the claim for relief on the rights to be vindicated that triggers the 29 U.S.C. § 626(c)(1) preclusion, not the identify of the defendant.

This interpretation is supported by a plain reading of the statute, which links aggrieved persons and the statutory relief available to them, but makes no reference to potentially culpable parties. Such a reading finds further support in the legislative history of the Age Discrimination in Employment Act of 1967 which states, in relevant part:

> In order for the Secretary to discharge his responsibilities to achieve to the optimum the purposes of the act, section 7(c) provides that rights of individuals to bring actions shall terminate when the Secretary commences an action **covering the particular grievance for which vindication is sought**.

5

H.R. Rep. No. 805, 90th Cong., 1st Sess. 2, reprinted in (1967) U.S.C.C.A.N. 2213, 2218.[1] (emphasis supplied).

Numerous courts since have confirmed that when the EEOC seeks to enforce an individual's rights under the ADEA, that person's right to commence a private suit on the same claim is terminated. *See, e.g.*, Vines v. University of La. at Monroe, 398 F.3d 700, 708 (5th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 1019, 163 L. Ed. 2d 852 (2006) ("the ADEA places the EEOC in privity with individuals for whom it seeks relief such that a lawsuit litigated by . . . the EEOC . . . **bars subsequent relitigation of the same claims or issues**") (emphasis supplied); EEOC v. Kidder, Peabody & Co., 156 F.3d 298, 302 (2d Cir. 1998) (concluding that statutory enforcement mechanism of the ADEA "gives the EEOC representative responsibilities[2] when it seeks private benefits for an individual"), *overruled on other grounds*, EEOC v. Waffle House, Inc., 534 U.S. 279, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002); Binker v. Commonwealth of Pa., 977 F.2d 738, 746 (3d Cir. 1992) ("An **employee who fails to file a law suit seeking redress of his ADEA-recognized rights prior to the EEOC's commencement of a suit** on such employee's behalf **lacks any power to assert such rights**, regardless whether the assertion is attempted within or without the EEOC suit, or before or after judgment is entered therein.") (emphasis supplied); EEOC v. United States Steel Corp., 921 F.2d 489, 495 (3d Cir. 1990) ("the provision of the ADEA prohibiting private suits once the EEOC files its

---

[1] None of the parties referred to the legislative history in the proceeding below or on objection to the Report and Recommendation.

[2] In this Court's view, such "representative responsibilities" include a determination of the party(ies) to be sued.

complaint [is] essentially a codification of the doctrine of representative claim preclusion with respect to those instances in which the EEOC ltigates first: litigation by the representative party (the EEOC) seeking private relief for an individual **precludes subsequent litigation of the same claim** by an individual for whom the representative relief is sought") (emphasis supplied); Burns v. The Equitable Life Assurance Soc'y of the U.S., 530 F. Supp. 768, 770 (S.D.N.Y. 1982) ("once the [EEOC] files an action on behalf of certain plaintiffs, the statute **precludes those plaintiffs from filing a private action with respect to the same ADEA violation**") (dictum) (emphasis supplied).[3]

Here, the private Plaintiffs hope to circumvent the statutory bar by suing different entities; namely, the corporate parents of the EEOC Defendant. This very obvious shell game must fail because the Private action is based on the same facts and seeks to vindicate the same rights of the same individuals for whom relief is sought in the EEOC action.

The private Plaintiffs' reliance on American Ass'n of Retired Persons v. Farmers Group, Inc., 943 F.2d 996 (9th Cir. 1991) ("AARP") is misplaced as the facts and holding

---

[3] The private Plaintiffs object to this Court's consideration of certain of these cited cases on the ground that they were not presented previously to Judge Scott. Plaintiffs rely on boilerplate language appearing in the Report and Recommendation, which cites Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1998). It appears this same language and citation is used by other Magistrate Judges in this District and has been in use for more than a decade. However, this Court cannot recall any instance where a party relied on this language to argue that a District Court, on *de novo* review, is precluded from considering cases not cited below. I will address this issue now.

First, this Court notes that its reading of Patterson does not comport with the holding stated in the Report and Recommendation. In this Court's view, Patterson stands only for the proposition that a District Court cannot review *de novo* an **issue** not raised below; it says nothing about case law. Indeed, adopting such a view would result in a District Court proceeding with blinders on even where, because of a more refined search or the publication of a new case in the interim, a party is able to shed additional light on the legal question at issue. While, in a perfect world, all parties would have all relevant cases identified and cited at each stage of litigation, that world does not yet exist. Accordingly, I find the additional cases cited by Defendants are properly considered.

of that case are readily distinguishable.

The EEOC serves a dual role in discrimination cases; it acts to vindicate the public interest by preventing future discrimination and may, at the same time, act for the benefit of specific individuals.  Binker, 977 F.2d at 746 (citations omitted).  In AARP, the EEOC alleged that the defendant's profit sharing plan violated the ADEA and sought declaratory and injunctive relief.  943 F.2d at 1006.  Though the EEOC purported to sue on behalf of a class of employees, it did not name any individual upon whose behalf relief was sought, nor did it seek damages for lost benefits.  *Id*.  Certain employees sought to join in a previously filed private suit for damages after the commencement of the EEOC action.  *Id*.  The Ninth Circuit held that because the EEOC's action sought injunctive relief only, it did not foreclose injured employees from seeking the monetary relief the EEOC chose not to pursue on their behalf.  *Id*.  In short, because the EEOC sought to vindicate the public's interests only, the aggrieved employees could sue for damages relating to a violation of their individual rights.

In the instant case, the EEOC expressly sued on behalf of the private Plaintiffs and, in addition to remedies designed to effectuate public policy, is seeking all monetary relief available to the private Plaintiffs under the ADEA, plus reinstatement.  Thus, the AARP holding is inapplicable here.

For all the reasons stated, the private Plaintiffs are statutorily barred from maintaining an action based on the same events and seeking the same relief as the previously filed EEOC action. Accordingly, their ADEA claims are dismissed with prejudice.

**C.      Supplemental Jurisdiction over the Private Plaintiffs' State Law Claims**

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claim where (i) a novel or complex issue of state law is raised, (ii) the state law claim substantially predominates over the federal claims, (iii) the court has dismissed all claims over which it has original jurisdiction, or (iv) there are other compelling reasons for declining jurisdiction.  Both the United States Supreme Court and the Court of Appeals for the Second Circuit have instructed that district courts should ordinarily decline to exercise supplemental jurisdiction in the absence of any federal claim. *See*, Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); First Capital Asset Mgmt. Inc. v. Satinwood, Inc., 385 F.3d 159, 183 (2d Cir. 2004) ("If the federal claims are dismissed before trial . . . the state claims should be dismissed as well.") (citation omitted); Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1490 (2d Cir. 1993).

In this case, the federal claims are subject to dismissal not just prior to trial, but prior to a Rule 16 scheduling conference and any discovery.  Under such circumstances, there is no reason to exercise jurisdiction over Plaintiffs' New York State Human Rights Law claims.  Furthermore, this Court expressly declines to piggyback these state law claims onto the EEOC action where the EEOC, as the Plaintiffs' representative in 05-CV-692, has no authority to seek vindication of rights arising under state law.

## IV.  CONCLUSION

Accordingly, for the reasons stated, this action is dismissed in its entirety and the Motion to Consolidate is denied.

## ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Consolidate (Docket No. 9) is DENIED.

FURTHER, that this case is DISMISSED in its entirety.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:    August 23, 2006
          Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge